UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| CLINT D. ROMINES, JR., | ) | | |
| | ) | | |
| *Petitioner*, | ) | Case Nos. | 1:09-cr-156-CLC-SKL |
| | ) | | 1:12-cv-256-CLC |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| *Respondent*. | ) | | |
| | ) | | |

## **MEMORANDUM & ORDER**

Petitioner Clint D. Romines, Jr. ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 120] with a supporting memorandum [Doc. 121].[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 127], and Petitioner filed a reply to the Government's response [Doc. 129]. After careful review and for the reasons stated below, Petitioner's 2255 Motion is **DENIED**.

**I.     BACKGROUND**

Pursuant to a written plea agreement, Petitioner pleaded guilty to one count of conspiracy to manufacture and distribute five grams or more of methamphetamine and 50 grams or more of a methamphetamine mixture in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) and the remaining other 18 counts against him were dismissed [Docs. 1, 73]. The plea agreement correctly listed the statutorily authorized punishment for the conspiracy charge as being a five-year mandatory minimum and up to 40 years' imprisonment [Doc. 73]. Both in his plea agreement and during his plea, Petitioner acknowledged an appropriate disposition of the case

---
[1] All citations to the district court record are to the docket of Case No. 1:09-cr-156, which is the underlying criminal case.

could be up to that statutory maximum [Docs. 73, 125]. In addition, during his plea hearing Petitioner represented under oath that he wished to enter a plea of guilty, that he had sufficient time and opportunity to discuss his case with his counsel and was satisfied with counsel's representation, that he understood all of his rights and would relinquish those rights by entering a plea of guilty, that he understood the potential sentencing consequences of his plea, that he was not coerced or threatened into entering a plea, that he agreed with the factual basis stated in his plea agreement, and that he was pleading guilty because he was guilty [Doc. 125].

Although the guidelines range was 210 to 262 months' imprisonment [Presentence Investigation Report ("PSR") at ¶ 75], Petitioner was sentenced to a below-guidelines term of 188 months' imprisonment [Doc. 102]. As set forth in the PSR, Petitioner was determined to have twelve criminal history points, for a criminal history category of V [PSR at ¶ 53]. The Court applied a six-level sentencing enhancement under USSG § 2D1.1(b)(10)(D), because it found Petitioner's criminal activity created a substantial risk of harm to minors. The Court also granted the Government's motion for a downward departure pursuant to USSG § 5K1.1, resulting in the below-guidelines sentence.

During his sentencing proceedings and on direct appeal to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), Petitioner contended it was error to (1) enhance his sentence for creating a substantial risk of harm to human life by manufacturing methamphetamine; and (2) to determine his base offense level using the quantity of pseudoephedrine attributed to him. The Sixth Circuit affirmed Petitioner's sentence and held this Court did not commit error when it enhanced Petitioner's sentence or when it calculated

2

Petitioner's base offense level. *United States v. Romines,* No. 10-5751, slip op. (6th Cir. August 11, 2011).[2]

## II.   STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under § 2255 is limited, however, to errors involving (1) lack of jurisdiction; (2) constitutional violations; and (3) non-constitutional errors that constitute a fundamental defect resulting in a complete miscarriage of justice.  *See Hill v. United States*, 368 U.S. 424, 428 (1962); *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Reed v. Farley*, 512 U.S. 339, 348-49 (1994).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).  If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

---

[2]  Docketed in the record as Doc. 114.

3

Case 1:09-cr-00156-CLC-SKL   Document 149   Filed 09/15/15   Page 3 of 13   PageID #: 566

**III.   ANALYSIS**

Petitioner is asking the Court to vacate his sentence because he allegedly received constitutionally deficient representation in violation of the Sixth Amendment. Although somewhat difficult to fully discern, it appears that Petitioner alleges ineffective assistance of counsel related to his guilty plea, his sentencing enhancement, his base level calculation, and his criminal history calculation.[3]

**A. Ineffective Assistance of Counsel**

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness."

---

[3] To the extent Petitioner may be attempting to state any stand-alone claims of constitutional error that he failed to raise in his direct appeal, such a challenge has been procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). *See also Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003) ("In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent."). As to any claim of nonconstitutional error not raised on direct review, such as alleged error in a guidelines calculation, the claim is not cognizable on collateral review absent extraordinary circumstances akin to a violation of due process. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) ("A direct appeal would have been the correct forum in which to raise sentencing questions"). In this case, Petitioner has not alleged factual innocence, has not shown any cause and prejudice, and has not shown any extraordinary circumstances akin to a violation of due process.

4

*Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on

5

the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

### 1. Plea-Related Issues

It appears that Petitioner claims his counsel "lured" him into entering a guilty plea, while Petitioner was on "mind altering drugs," without mentioning the possibility of a six-level enhancement. More specifically, Petitioner claims his guilty plea violated due process because his plea agreement did not reference the possibility of a sentencing enhancement and because he was taking Zoloft at the time he entered his plea.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted). Absent clear and convincing evidence to the contrary, a defendant is bound by his or her plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (internal punctuation and citations omitted). In *Blackledge v. Allison,* the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge*, 431 U.S. 63, 73-74 (1977).


6

Case 1:09-cr-00156-CLC-SKL   Document 149   Filed 09/15/15   Page 6 of 13   PageID #: 569

A defendant knowingly and intelligently enters a plea when he understands, among other things, the maximum sentence he may receive at sentencing. *See United States v. Stephens*, 906 F.2d 251, 253-54 (6th Cir. 1990); *United States v. Meeks*, 290 F. App'x 896, 905 (6th Cir. 2008). Petitioner's argument ignores both the plain terms of his plea agreement and the sworn statements made by Petitioner during the plea colloquy. In his plea hearing, Petitioner swore that he understood he could receive a sentence of up to the statutory maximum term of 40 years' imprisonment for his crime [Doc. 125]. Petitioner explicitly acknowledged that he was aware of the sentencing range, and the maximum possible sentence was not misstated. *See United States v. Dixon*, 479 F.3d 431, 435 (6th Cir. 2007). The plea agreement correctly listed the statutory range of penalties and there is no indication that Petitioner was not aware of the nature of the charge to which he pleaded or of the consequences of his plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *Pickens v. Howes*, 549 F.3d 377, 380 (6th Cir. 2008). That Petitioner claims he did not realize certain evidence would support a sentencing enhancement does not render his plea unknowing or involuntary.

Petitioner also makes a general, and somewhat passing, reference to *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). These decisions involved defendants who did not receive a favorable plea offer because their attorneys failed to convey the plea offer or provided misadvice about it. Together these decisions "make clear that the right to counsel applies in postindictment plea negotiations even if the negotiations have no effect on the fairness of a conviction." *Kennedy v. United States*, 756 F.3d 492, 493 (6th Cir. 2014). Petitioner, however, has not demonstrated that he did not have effective assistance of counsel when entering a guilty plea under the reasoning of *Frye* and *Cooper*. Here, Petitioner received

7

the benefit of his plea agreement by receiving the dismissal of multiple charges and a below-guidelines sentence.

Even if counsel failed to inform Petitioner about the possibility of a six-level enhancement before Petitioner entered a plea, Petitioner has not shown that he was prejudiced as a result. To demonstrate prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Delaine v. United States*, 605 F. App'x 468, 471 (6th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). In the context of a plea agreement, a petitioner must show a reasonable probability that he would have pleaded differently but for counsel's alleged error. *See, e.g., Hodges v. Colson*, 727 F.3d 517, 537 (6th Cir. 2013); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Christopher v. United States*, 605 F. App'x 533, 535 (6th Cir. 2015). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As held by the Supreme Court, it is very difficult for petitioners who have acknowledged their guilt to satisfy *Strickland's* prejudice prong. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Here, Petitioner has not even alleged, let alone attempted to show, he would have pleaded differently but for counsel's alleged failure to tell him about the possibility of an enhancement prior to the entry of his guilty plea. Petitioner at no time sought to withdraw his guilty plea; instead, he argued against the application of the enhancement in both the trial court and appeals court, while retaining substantial benefits from his plea agreement. Petitioner simply has not met *Strickland's* high bar.

Petitioner's next argument about his alleged use of an antidepressant (Zoloft) has shifted somewhat. Originally, he appeared to be arguing that his counsel was ineffective for failing to

8

argue for a downward departure based on mental illness because he was prescribed Zoloft while in pretrial custody. Petitioner supports this argument with what amounts to an unsupported claim that Zoloft is a dangerous drug that has been taken off the market. In his reply, however, Petitioner appears to be adjusting this argument to assert that because he was taking Zoloft at the time he entered his plea; his plea was not made knowingly.

During the plea colloquy, however, Petitioner was specifically asked if he ever been treated for mental illness and whether he was under the influence of any drug or medication and he replied "No, sir" to both questions [Doc. 125 at Page ID # 379]. The PSR indicates Petitioner only received a prescription for 50 mg of Zoloft just before his presentence interview [PSR at ¶ 65]. Even if Petitioner was taking Zoloft at the time he entered his plea contrary to his sworn testimony, there is no evidence his prescription dosage would have prevented him from knowingly and voluntarily entering a plea, nor did he raise this issue in his appeal. Petitioner has also not established that his counsel was constitutionally ineffective for failing to request a downward departure on the basis that he was prescribed Zoloft after he was incarcerated for this offense. The failure to raise a meritless argument does not constitute ineffective assistance of counsel. *See, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

Even assuming arguendo that Petitioner had met the first prong of the *Strickland* test, in order to demonstrate prejudice in plea proceedings under the second prong of *Strickland*, a movant must show a reasonable probability that but for counsel's deficient performance, he would not have pleaded guilty. *See Hodges*, 727 F.3d at 537. As noted above, Petitioner has not alleged, let alone demonstrated, a reasonable probability he would have gone to trial but for counsel's alleged error. Petitioner's statements under oath during his plea proceedings contradict

9

his claim that he was lured into a guilty plea while under the undue influence of a mind-altering drug and his allegations of deficient performance by his counsel with respect to his plea are wholly incredible.

Petitioner's claims concerning his plea, which are largely stated in the form of conclusions and without allegations of facts in support thereof, are legally insufficient to sustain relief under § 2255. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974). Also contrary to Petitioner's claims, it appears he received a substantial benefit from his plea agreement in that he received a below guidelines sentence. Even if Petitioner had a misconception as to the sentence that he could receive as a result of pleading guilty, however, his confusion was not related to the plea agreement itself and any such confusion does not render the plea involuntary or unknowing. *See Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975) ("A plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true.").

Accordingly, all of Petitioner's claims for relief based on a theory that he received constitutionally ineffective assistance of counsel with respect to his plea are **DENIED**.

### 2. Sentencing-Related Issues

Petitioner also raises several sentencing issues, most of which were decided against him on direct appeal. Petitioner's main argument is that his counsel was deficient because counsel failed to prevent the application of a six-level sentencing enhancement. As upheld by the Sixth Circuit, however, the enhancement was properly applied and Petitioner has not identified any actions that counsel could have taken to prevent application of the enhancement. It is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening

change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *accord DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *see also Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (holding a § 2255 motion is neither a substitute for nor an additional direct appeal). Petitioner has not established any change in the law or exceptional circumstances with respect to the enhancement.

In addition, it is well established that a defendant need not be advised when pleading guilty of the precise drug quantity that will be attributed to him at sentencing. *See United States v. Gilmore*, 387 F. App'x 613, 617 (6th Cir. 2010). Given the Sixth Circuit's clear rejection of Petitioner's arguments about the base level calculation on direct appeal, Petitioner also has not established that he is entitled to any relief on this claim.

Petitioner also generally argues ineffective assistance of counsel with respect to sentencing because: (1) the PSR allegedly improperly assigned three criminal history points for three separate convictions where he received concurrent sentences; (2) the PSR allegedly improperly imposed two points for committing the instant offense less than two years after his release from custody, which amounts to impermissible double-counting, and (3) his counsel allegedly did not fully understand the guidelines. With respect to Petitioner claims that the convictions referenced in paragraphs 43, 45, and 46 of the PSR should have received a cumulative total of three criminal history points rather than three points for each conviction, the PSR indicates Petitioner had a 1999 conviction in St. Clair County, Alabama, for breaking and entering a vehicle and two counts of theft [PSR at ¶ 43], a 2002 conviction in Shelby County, Alabama, for receiving stolen property [PSR at ¶ 45], and a 2004 conviction in Hamilton County, Tennessee, for burglary and two more counts of theft [PSR at ¶ 46]. Petitioner's sentences for these convictions were not imposed on the same day and did not result from

11

offenses in the same charging document. Petitioner has not cited any legal authority to support his argument. To the contrary, the convictions were properly treated as separate sentences and the criminal history points were correctly assessed for each. *See* USSG § 4A1.2(a)(2) (2009) ("If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.").

Petitioner also properly received two criminal history points under USSG § 4A1.1(e) [PSR at ¶ 52]. According to the factual basis in his plea agreement, Petitioner's role in the instant conspiracy began no later than August 2007, which was less than two years after he was released from custody on January 30, 2006 [Doc. 73]. As argued by the Government, these two criminal history points do not amount to impermissible double-counting. *See United States v. Garcia*, 75 F. App'x 434, 435 (6th Cir. 2003) (holding "[i]mpermissible double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways" and "[d]ouble counting is permitted when it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct.") (Internal quotation marks and citations omitted).

Petitioner's conclusory claim that his counsel did not understand the guidelines is not supported. Such conclusory claims do not explain what should have happened or how a different approach by counsel would have altered the outcome. As a result, these claims also fail. *See*

12

*Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) (holding merely conclusory allegations of ineffective assistance are insufficient to state a constitutional claim); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing" or relief); *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (same).

Accordingly, all of Petitioner's claims for relief based on a theory that he received constitutionally ineffective assistance of counsel with respect to sentencing issues are **DENIED**.

### B. Certificate of Appealability

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

### IV. CONCLUSION

For the reasons stated above, the claims presented in the 2255 Motion lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in this case. Accordingly, judgment shall be entered **DENYING** Petitioner's 2255 motion [Doc. 120].